UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAHIR NEDEEM,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT; MARKWAYNE MULLIN,<br><br>Respondents. | CASE NO. 2:26-cv-04145-JHC<br><br>ORDER |

This matter comes before the Court on Tahir Nedeem's Second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. 4. Petitioner had sought habeas relief before in a separate petition filed by counsel. *See Nedeem v. Mullin*, 2026 WL 879095 (W.D. Wash. Mar. 31, 2026). That petition was denied by United States District Judge Ricardo Martinez. *Id.*

Petitioner has appealed the previous petition's denial to the Ninth Circuit. *See Nedeem v. Mullin*, No. 26-4735 (9th Cir. filed July 24, 2026). That matter is not yet fully briefed. *See id.* The appeal addresses the same contentions raised in the instant Petition. *Compare* Appellant's Opening Br. at 15–25, *Nedeem*, No. 26-4735 (arguing he is detained under Section 1226(a) and alternatively his detention under Section 1225(b) without a bond hearing has become unreasonably prolonged), *with* Dkt. 4 at 12–19 (same).

Generally, the abuse of writ doctrine forbids reconsideration of identical claims raised in a prior habeas petition. *See Eldridge v. Howard*, 70 F4th 543, 551 (9th Cir. 2023). In Section 2241 cases, it is "not appropriate for [parties] to repeatedly raise the same claims or to raise claims that are currently on appeal in another action." *See Merryfield v. Kansas*, 2009 WL 3255748, at *4 n.4 (D. Kan. Oct. 7, 2012). And in other habeas contexts, courts must dismiss a second petition when there is a pending appeal of the prior petition's denial that raises the same grounds for relief. *See, e.g.*, *Puncher v. Severson*, 2022 WL 17991627, at *6 (E.D. Wis. Dec. 29, 2022) ("[n]o reasonable jurist could debate that this court must dismiss a second petition filed while the appeal from the dismissal of the first petition seeking the same relief is pending"); *Greene v. McDaniel*, 2012 WL 297928, at *4 (D. Nev. Jan. 31, 2012) ("the successive petition rules apply to a later federal petition filed while an appeal from the dismissal of a prior federal petition is pending."). As the Ninth Circuit is reviewing the same claims presented here, proceeding to the merits of the instant Petition is not appropriate.

For these reasons, the Court DENIES the Second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 4). The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of November, 2026.

John H. Chun
United States District Judge